UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TOYOTA MOTOR CORP. SOY-BASED
WIRING PRODUCTS LIABILITY LITIGATION            MDL No. 2755


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiff in the Central District of California *Cochrane* action moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. Plaintiffs in all actions on the motion support the motion. Responding defendant Toyota Motor Sales, U.S.A., Inc. (Toyota) opposes the motion or, alternatively, supports the Central District of California as transferee district. This litigation consists of three actions pending in the Central District of California and the District of Maryland.[1]

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions share allegations that Toyota manufactured vehicles that contain soy-based wiring insulation and related components that attract rodents to chew, gnaw, or eat through the wiring, causing damage to the vehicles. All actions allege overlapping putative nationwide claims and bring common legal claims. But all parties agree that these actions should be litigated in the Central District of California, and in this instance, Section 1407 centralization is not necessary to achieve that result. Toyota represented at oral argument that just two groups of plaintiffs' counsel have filed all pending actions and, if the Panel denies the Section 1407 motion to centralize, plaintiffs with actions pending outside the Central District of California intend to dismiss their actions and file a consolidated complaint in that district. We applaud such voluntary efforts at coordinating the litigation made by counsel as we have made clear that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

---

[*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] A fourth action included in the motion for centralization was pending in the Eastern District of Louisiana, but plaintiff has voluntarily dismissed his action without prejudice. The Panel also has been notified of five additional actions pending in five additional districts.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: TOYOTA MOTOR CORP. SOY-BASED**
**WIRING PRODUCTS LIABILITY LITIGATION**　　　　　　MDL No. 2755

## SCHEDULE A

<u>Central District of California</u>

HEBER v. TOYOTA MOTOR SALES, U.S.A., INC., C.A. No. 8:16-01525
COCHRANE v. TOYOTA MOTOR CORPORATION, ET AL., C.A. No. 8:16-01679

<u>District of Maryland</u>

BENNETT, ET AL. v. TOYOTA MOTOR CORPORATION, ET AL.,
　　　C.A. No. 1:16-03428